Thomas G. HOFFMAN, Appellant,

v.

Wilber M. BRUCKER, Secretary of the Army, et al., Appellees.

No. 13544.

United States Court of Appeals
District of Columbia Circuit.

Argued May 10, 1957.

Decided May 23, 1957.

ployee" with non-veterans holding positions in lower grades and that he should have been retained in their stead. The regulations of the Civil Service Commission, however, do not give to a veterans preference eligible holding an indefinite appointment a right to be retained in a lower grade in preference to those in that grade who are not veterans preference eligibles.[2] We cannot say that this effect of the regulations is so inconsistent with the Veterans Preference Act as to require the Court to reach a conclusion different from that of the officials charged with primary responsibility in administering the Act. Accordingly, the judgment of the District Court in favor of appellees, granted on their motion for summary judgment, is

Affirmed.

Mr. Claude L. Dawson, Washington, D. C., for appellant.

Mr. Peter H. Schiff, Atty., Dept. of Justice, Washington, D. C., for appellees.

Asst. Atty. Gen. George C. Doub, and Messrs. Oliver Gasch, U. S. Atty., Paul A. Sweeney, and Morton Hollander, Attys., Dept. of Justice, were on the brief for appellees.

Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

Appellant, a veterans preference eligible, held an indefinite civil service appointment in the Springfield Ordnance District. His position was abolished, thus causing his reduction in force. He contends that within the meaning of section 12 of the Veterans' Preference Act of 1944, 58 Stat. 390, as amended, 5 U.S. C.A. § 861[1] he was a "competing em-

1. Section 12 provides in pertinent part:
"In any reduction of personnel * * * competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to * * * military preference * * *."

2. Employees in different grades may be in the same "competitive level" if they can be readily interchanged without undue interruption to the work program. § 20.2 (f) of the Commission's Regulations. Appellant does not urge that the jobs are so interchangeable.