**Oliver W. TOLL, Appellant,**

v.

**John W. GWYNNE et al., Appellees.**

**No. 13472.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1957.

Decided July 3, 1957.

Petition for Rehearing Denied
Sept. 3, 1957.

Mr. Oliver W. Toll, appellant pro se.

Mr. Morton Hollander, Atty., Dept. of Justice, Washington, D. C., with whom Asst. Atty. Gen. Doub and Messrs. Oliver Gasch, U. S. Atty., and Paul A. Sweeney, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellees.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

Appellant sued the members and the Director of Personnel of the Federal Trade Commission, and the members of the Civil Service Commission, in their official and individual capacities, seeking a declaration of his rights as a veteran preference eligible and an order restoring him to Government employment. He appeals from a summary judgment entered against him by the District Court.

Among other contentions, appellant alleged in his complaint and argues here (1) that he was a competing employee with holders of positions in lower grades and should have been retained in their stead; and (2) that he was denied reemployment rights to which he was entitled under § 15 of the Veterans' Preference Act.[1] The first contention seems to be foreclosed by Hoffman v. Brucker, 100 U.S.App.D.C. 332, 244 F.2d 780.

With respect to appellant's second contention, appellees concede that he is a "preference eligible who, has been * * separated without delinquency or misconduct," so that § 15 applies to him. The section requires that such a person "shall have his name placed on" various employment lists and "shall then be eligible for recertification and reappointment * * * ." It provides further that "when there are three or more names of preference eligibles" on the re-employment list for the position in question, no new employee other than a ten-point veteran may be appointed to fill the position.

In defense of the summary judgment awarded them below, appellees assert that "there can be no doubt that Mr. Toll was accorded all the rights to which he was entitled under Section 15." They point to evidence in the record that appellant's name was placed on a Federal Trade Commission re-employment list and that he was informed it would remain on the list for a year. But these facts are insufficient to support the conclusion. If the summary judgment is to stand, it must appear, beyond genuine issue, that, while appellant's name was on the re-employment list, no new employee, other than a ten-point veteran, was hired; or that, if a new employee was hired, the list did not have three names on it at the time.

After the argument, the record appeared to us to be somewhat obscure on these points, as is often true when a complex case is disposed of on a motion for summary judgment. We therefore asked the parties to direct our attention by memoranda to any matter in the record bearing upon the points in question.

Appellant, in reply to our request, has directed our attention to material in the record indicating that, after his separation, a number of new employees were appointed by the Federal Trade Commission to positions for which he is qualified. Although it seems likely that some of these appointments occurred during the year in question, the record does not disclose their dates. Nor does the record show whether the new appointees were ten-point veterans; nor how many names of preference eligibles were on the re-employment list when they were hired.

Appellees' reply to our questions was that the record does not show that the Federal Trade Commission appointed any new employees other than ten-point veterans, during the year in question, to positions for which appellant is qualified. They do not say the record shows such persons were *not* employed.

On such a record, summary judgment should not have been granted. The judgment is reversed and the case remanded to the District Court.

On the present state of the record, I would confine our decision to the issues discussed in the foregoing. My brethren, however, hold that the record discloses no basis, either procedurally or factually, for appellant's allegations of conspiracy or bad faith.

If, upon remand, sufficient facts are developed by affidavit or otherwise on the issue whether appellant was afforded the re-employment rights to which § 15 of the Veterans' Preference Act entitles

1. 58 Stat. 391, 5 U.S.C.A. § 864.

him, either or both of the parties may file motions for summary judgment. Otherwise the case should proceed to trial on that issue.

Reversed and remanded.