**Earl W. KINTNER et al., Appellants**

v.

**Oliver W. TOLL, Appellee.**

**Nos. 15324, 15325.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1960.

Decided March 3, 1960.

As Amended June 29, 1960.

Mr. Walter J. Bonner, Asst. U.: S. Atty., at the time of argument, with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellants.

Mr. Oliver W. Toll, appellee pro se.

Before BAZELON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

The pertinent background of this suit for declaration of re-employment rights under § 15 of the Veterans' Preference Act, 58 Stat. 391, 5 U.S.C.A. § 864, and for restoration of Government employment is set forth in our opinion upon a former appeal, Toll v. Gwynne, 1957, 101 U.S.App.D.C. 175, 247 F.2d 581, certiorari denied, 1958, 355 U.S. 926, 78 S.Ct. 383, 2 L.Ed.2d 356. There we reversed a summary judgment against the plaintiff on the ground that it did not appear "beyond genuine issue, that, while [plaintiff's] name was on the re-employment list, no new employee, other than a ten-point veteran, was hired; or that, if a new employee was hired, the list did not have three names on it at the time." 101 U.S.App.D.C. at page 176, 247 F.2d at page 582. On remand, additional facts were developed by deposition and interrogatories which made clear that new employees other than ten-point preference eligibles were hired during the period in question. However, the defense shifted to a new ground. It urged that the supplemented record also showed that the employing agency had a separate re-employment list for each geographical region; hence, two preference eligibles reduced in force from the Chicago area were not to be included in the Washington area list, applicable to plaintiff. On that basis the Washington list would never have contained three or more names of preference eligibles during the period in question.

On cross motions, the District Court granted summary judgment in favor of plaintiff without indicating its reasons and without specifying the relief. The court thereafter amended the judgment, on plaintiff's motion, specifying relief by way of restoration of employment with attendant rights. Defendants brought these separate appeals from the original and amended judgments.

Appellee contends that the system of maintaining geographical re-employment lists is not authorized by law; and, in any event, the present appellants should not be permitted to rely on this new defense because it rests on alleged facts which presumably were always known to them and constitutes a repudiation of the single re-employment list which they relied upon in the prior appeal in this case.

Assuming arguendo that a system of geographical re-employment lists may be authorized by law, the manner in which the system was maintained over the period in suit assuredly left something to be desired.[1] In any event, the applica-

---

1. The Joint Appendix discloses that there were no rules and regulations "in the broad sense." "Our board did not operate on the establishment of a formal

tion of the practice, right or wrong, in the circumstances of this case should not thus belatedly be available to deprive the appellee of his status. Accordingly we conclude that the new defense based on separate geographical employment lists must fail.

Affirmed.

set of procedures during the time in question." "We worked as * * * an informal board" making "auxiliary ratings" on "pieces of yellow paper and white paper and scraps." A change to the card system with its essential data was not made until 1955.